IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


CARLA LASHAWN BATY                                                    PLAINTIFF

vs.                                      Civil No. 2:12-cv-02271

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration


**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Carla Lashawn Baty("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her application

for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K.

Holmes, III referred this case to the Honorable Barry A. Bryant for the purpose of making a report

and recommendation.   The Court, having reviewed the entire transcript and relevant briefing,

recommends the ALJ's determination be **REVERSED and REMANDED.**

1. <u>**Background:**</u>

Plaintiff filed her application for SSI on November 4, 2009.  (Tr. 9, 121-123).[1]  Plaintiff

alleged she was disabled due to seizures, bipolar disorder and liver problems.  (Tr. 153).  Plaintiff

alleged an onset date of June 1, 2008.  (Tr. 127).  This application was denied initially and again on

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this
case are referenced by the designation "Tr."

1

reconsideration.  (Tr. 69-70).

On September 21, 2010, Plaintiff requested an administrative hearing on her application.  (Tr. 83).  This hearing request was granted, and an administrative hearing was held on January 25, 2011.  (Tr. 53-68).  Plaintiff was present and was represented by counsel, Philip Votaw, at this hearing.  *See id.*  Plaintiff testified at this hearing and Vocational Expert ("VE") Tanya Owen provided testimony via answers to interrogatories.  *See id.*  On the date of this hearing, Plaintiff was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) and had completed the 6th grade.  (Tr. 56).

On March 3, 2011, the ALJ entered an unfavorable decision on Plaintiff's application for SSI.  (Tr. 9-18).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 4, 2009.  (Tr. 11, Finding 1).  The ALJ also determined Plaintiff had the severe impairments of seizure disorder and personality disorder.  (Tr. 11, Finding 2).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 11, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 13-17).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  (Tr. 14).  Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for the full range of work at all exertional levels, except she is unable to perform complex or detailed work tasks; interpersonal contact is incidental to the work performed; supervision is simple, direct, and concrete; and must

2

avoid hazards to include unprotected heights and moving machinery.  (Tr. 13, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 17, Finding 5).  The ALJ determined Plaintiff had no PRW.  *Id.*  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 17-18, Finding 9).  The ALJ based his determination upon the testimony of the VE.  *Id.*  Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as housekeeping with approximately 3,800 such jobs in Arkansas and 409,000 such jobs in the nation, hand packager with approximately 2,100 such jobs in Arkansas and 203,000 such jobs in the nation, and mail clerk with approximately 500 such jobs in Arkansas and 79,000 such jobs in the nation.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since November 4, 2009.  (Tr. 18, Finding 10).

On May 9, 2011, Plaintiff requested that the Appeals Council review the ALJ's decision.  (Tr. 32).  *See* 20 C.F.R. § 404.968.  On December 22, 2011, the Appeals Council declined to review the ALJ's decision.  (Tr. 23-25).  On November 8, 2012, Plaintiff filed the present appeal.  ECF No. 1.  Both parties have filed appeal briefs.  ECF Nos. 12, 13.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir.

2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

4

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion:</u>

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  Specifically, Plaintiff claims the ALJ erred (1) in his RFC determination and (2) in his credibility analysis of Plaintiff.  ECF No. 12, Pages 9-13.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 13.  Because this Court finds the ALJ erred in his RFC determination, this Court will only address this point raised by Plaintiff.

In social security cases, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to a mental impairment.  GAF scores range from 0 to 100.  Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).  The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a

whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50). Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)).

In the present action, Plaintiff was assessed as having a GAF score of 45-55 during a Mental Diagnostic Evaluation performed by Dr. Kathleen Kralik on February 16, 2010.  (Tr. 410-416).  A GAF score of 50 reflects a serious limitation on a persons ability to perform basic life skills.  *See Brueggemann v. Barnhart*, 348 F. 3d 689, 695 (8th Cir. 2003).  According to the evaluation, Dr. Kralik also found Plaintiff lacked insight during the interview; her thoughts were scattered and disjoined; she processed information slowly and was inattentive to the accuracy of her responses. *Id.*  Dr. Kralik also indicated Plaintiff's capacity to communicate and interact in a socially adequate manner, capacity to complete tasks, and willingness to perform in a consistent and  accurate manner were all significantly problematic.  *Id.*

It was the ALJ's responsibility to evaluate Plaintiff's GAF scores and make a finding regarding their reliability as a part of the underlying administrative proceeding.  *See Conklin,* 360 F. App'x at 707.  Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with depression and personality disorder.  (Tr. 226, 414 ).

Thus, considering these facts, because the ALJ did not evaluate Plaintiff's low GAF scores, this case must be reversed and remanded for further evaluation of these scores.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis of Plaintiff's GAF

scores should be performed.[2]

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence.  Accordingly, this Court recommends this case be **REVERSED and REMANDED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **23rd day of October, 2013.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[2]Based on these findings, I do not find it necessary to reach to other point of error raised by the Plaintiff in this appeal.